829 F.2d 1119
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ALLIANCE MOVING AND STORAGE CO., INC., Plaintiff/Appellant
v.
William J. BENNETT, Secretary of Education, Defendant/Appellee.
 No. 86-1688.
 United States Court of Appeals, Fourth Circuit.
 Argued May 5, 1987.
Decided Sept. 22, 1987.
 
 Daniel McFarland Hall (Stephenson & Balthropt Ltd., on brief), for appellant.
 William Henry Haubert, II, United States Department of Education (Henry E. Hudson, United States Attorney; Paula P. Newett, Assistant United States Attorney; Wendell E. Wilkie, United States Department of Education, on brief), for appellee.
 Before HARRISON L. WINTER; Chief Judge, HAYNSWORTH, Senior Circuit Judge, and HARGROVE, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 This controversy concerns the propriety by which a contract was awarded for moving of furniture, supplies, and equipment for the Department of Education ("Department"). Appellant Alliance Moving and Storage Company ("Alliance") sued the Department of Education under the Federal Torts Claim Act (FTCA), alleging that the Department violated Sec. 8(a) of the Small Business Act when it negotiated a contract with a company other than Alliance. The lower court dismissed the case pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure on the ground that S 8(a) does not create an implied private cause of action for damages, and that a violation of Sec. 8(a) does not give rise to a cognizable tort under the FTCA. We affirm.
 
 
 2
 In order to understand the claim and the reason it is not sustainable it is important to provide a brief description of the way in which the contract in question was awarded. Section 8(a). authorizes the Small Business Administration ("SBA") to contract with government agencies for performance of services and furnishing supplies, and then to subcontract these duties to socially and economically disadvantaged small businesses. 15 U.S.C. Sec. 637(a).[1]
 
 
 3
 For several years, the Department contracted with the SBA (the general contractor) to provide moving services. Pursuant to . Sec. 8(a) (1) (C), SBA hired a sub-contractor who actually performed the services for the Department. In fiscal year 1984, Alliance was the incumbent subcontractor. This was the third year that Alliance had been awarded the Department's moving subcontract.
 
 
 4
 In planning for fiscal year 1985, the SBA provided a list of four 8(a) firms (one of which was Alliance) to the Department. After conducting interviews and technical evaluations, the Department decided that Suggs Transportation Service, Inc. ("Suggs") was the most qualified of the proposed Sec. 8(a) firms.
 
 
 5
 The Department notified SBA that Suggs was the best Sec. 8(a) firm, and that the Department proposed to negotiate with Suggs. In response to this, the SBA sent a letter to the Department that instructed the Department to negotiate with Suggs for the subcontract, although final approval of the contract terms would have to be approved by SBA.
 
 
 6
 After negotiating with Suggs, the Department sent to SBA a Memorandum of Negotiation and the proposed contract terms. In that Memorandum, it was explicitly noted that this was a new firm that was selected. In response to these submissions, SBA entered into a "prime contract" with the Department for moving services, and SBA subcontracted the performance of the prime contract to Suggs.
 
 
 7
 One month later, SBA wrote to the Department complaining that the Department did not notify SBA that Alliance was an incumbent Sec. 8(a) firm. "The Small Business Administration practice is not to take an on-going 8(a) contract from one 8(a) firm and give to another, unless there are inherent problems or. unsatisfactory performance." The letter stated that the decision not to award the contract to Alliance was detrimental to Alliance, and requested the Department to supply that information in the future.
 
 
 8
 In their briefs, the parties discuss whether there is an implied cause of action for damages for a violation of Sec. 8(a). Alternatively, they examine whether the FTCA provides a remedy for a violation of Sec. 8(a). Under both theories, which involve legislation enacted by Congress, one of the elements is a violation of the statute. There are no facts in this case that make out a violation of Sec. 8(a).
 
 
 9
 Alliance argues that if SBA had recognized that Alliance was the incumbent Sec. 8(a) firm, Alliance would have received the contract. This is possible, but there are two reasons that this does not indicate a violation of the statute. First, it is the internal practice of the SBA to take into account the incumbent status of the Sec. 8(a) firm. There is no statutory requirement that incumbents be awarded contracts over non-incumbents. There is no suggestion that the Department knew or should have known about the SBA policy without some notification.
 
 
 10
 Second, if anyone is at fault for failing to notice that Alliance was the incumbent S 8(a) firm, it was the SBA. SBA is ultimately responsible because SBA, not the Department, entered into the subcontract with Suggs. There were several opportunities for SBA to have checked its files and recognized the incumbent status of Alliance: the list of four firms to be considered by the Department for moving services was assembled by the SBA; a memorandum was sent from the Department to SBA stating that Suggs is a "new" contractor, which might have put SBA on notice that Alliance was being replaced; once the Department designated Suggs as the proposed sub-contractor, SBA approved the decision by authorizing the Department to negotiate with Suggs; and finally, SBA was the party who reviewed and signed the subcontract with Suggs.
 
 
 11
 The Department did not violate any statutory procedures. The Department entered into a general contract with SBA. SBA entered into the sub-contract with Suggs, and Suggs is a Sec. 8(a) firm. These are the requirements of the statute.[2]
 
 
 12
 In summary, the facts as alleged by Alliance are inadequate to make out a violation of Sec. 8(a). As mentioned above, a violation of the statute is a prerequisite to recovery under any possible theory. Therefore, the district court was correct in dismissing this action.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 The relevant portions of the statute provide:
 (a) (1) It shall be the duty of the Administration and it is hereby empowered, whenever it determines such action is necessary or appropriate--
 (A) to enter into contracts with...any department * * *obligating the Administration to furnish...services ...to the Government. In any case in which the Administration certifies to any officer of the Government having procurement powers that the Administration is competent and responsible to perform any specific Government procurement contract to be let by any such officer, such officer shall be authorized in his discretion to let such procurement contract to the Administration upon such terms and conditions as may be agreed upon between the Administration and the procurement officer.... .
 (C) to arrange for the performance of such procurement contracts by negotiating or otherwise letting subcontracts to socially and economically disadvantaged small business concerns...to perform such contracts.
 15 U.S.C. Sec. 637(a).
 
 
 [2]
 The internal practice of the SBA to award contracts to incumbents over other Sec. 8(a) firms furthers the policies underlying the statute (ie. to try and foster these firms to a level of self-sufficiency). While it is unfortunate that SBA did not notice Alliance's incumbent status, SBA's decision to award the contract to Suggs did not violate the procedures established in Sec. 8(a)